366 P.2d 141

Dorothy Susan KERLEY, Plaintiff-Appellee and Cross-Appellant,

v.

James Donald KERLEY, Defendant-Appellant and Cross-Appellee.

No. 6866.

Supreme Court of New Mexico.

Nov. 7, 1961.

Rowley Davis, Hammond & Murphy, Clovis, for appellant.

Bigbee & Stephenson, Charles D. Olmsted, Santa Fe, for appellee.

MOISE, Justice.

We are confronted with an appeal and cross-appeal growing out of an order entered by the lower court after hearing on a petition by defendant-appellant and cross-appellee (hereinafter referred to as defendant) for modification of the visitation rights accorded him in the divorce decree entered in 1957, and on a petition of plaintiff-appellee and cross-appellant (hereinafter referred to as plaintiff) seeking elimination of the rights of visitation granted at the time of the divorce.

Plaintiff and defendant were married in August, 1951, and separated in January, 1957. James Donald Kerley, Jr., around whom the controversy here revolves, was born November 19, 1954. A divorce decree was entered August 8, 1957, and among other things recites that the parties announced "that they had reached an agreement with respect to the custody of James Donald Kerley, Jr., and with respect to the division of their community property; and the court having heretofore heard the evidence of the parties hereto, having considered the same, and being now fully informed in the premises finds:", followed by numerous findings of which only No. 3 and No. 7 are material to the instant case.

They read:

"3. That there was born to plaintiff one child, now living, James Donald Kerley, Jr., on November 19, 1954."

"7. That plaintiff is fit and fully qualified to have and be awarded the custody of the minor child James Donald Kerley, Jr., subject to rights of visitation on the part of defendant as hereinafter prescribed."

The court made the following order with respect to custody:

"That plaintiff have and she is hereby awarded the custody of the minor child James Donald Kerley, Jr., provided, however, that defendant shall have and is hereby granted the right to visit said child and have said child visit with him, free of unreasonable interference and impediments, in the city or town where plaintiff and said child may then be residing, upon the giving of reasonable advance notice, at such times and under such circumstances as may be reasonable and as will not interfere with the welfare of said child and his proper bringing up; provided further that after said child shall have attained the age of 5 years, defendant shall have and is hereby granted, in addition to the right of visitation hereinabove provided for, the right to have said child visit with him annually at the home of defendant or elsewhere, at such time and for such reasonable pe-

riod as will not interfere with the education and proper bringing up of said child, upon the giving of reasonable advance notice."

Since the divorce both plaintiff and defendant have remarried, and defendant and his present wife have an adopted child.

In April, 1960, defendant petitioned the court to permit him to have James Donald Kerley, Jr., in his home in Clovis, New Mexico, each year from June 1 to August 20. Plaintiff filed her response thereto resisting the same, and at the same time petitioned for modification of the divorce decree to eliminate all visitation privileges of defendant. Defendant filed his response to plaintiff's petition.

After hearing, the court entered its order in which it held that all matters determined in the August 8, 1957, decree were res judicata, except questions concerning visitation rights, and with reference thereto continued defendant's rights unchanged from the way they were originally decreed.

Defendant appeals from the res judicata holding and plaintiff cross appeals from the decision that the visitation rights of defendant should continue unchanged.

Defendant in his appeal complains of the court's ruling that finding No. 3 hereinabove quoted is res judicata of the issue covered thereby.

■ Defendant is in the difficult position insofar as this appeal is concerned of hav-

**294**

ing asserted in his answer to plaintiff's petition for modification of the decree that the issue covered by the quoted finding was res judicata and not open to question in this proceeding. With this position the trial court agreed. The difficulty arose because in considering the finding the court read it differently than did the defendant.

Under the circumstances, we do not perceive how defendant, having pleaded res judicata, can now be heard to complain that the finding was ambiguous. Fischer v. Rakagis, 59 N.M. 463, 286 P.2d 312. Neither are we convinced that the rules of res judicata as heretofore announced by this court in numerous cases including Jahren v. Butler, 20 N.M. 119, 147 P. 280; Costilla Estates Development Company v. Mascarenas, 33 N.M. 356, 267 P. 74; and Town of Atrisco v. Monohan, 56 N.M. 70, 240 P.2d 216, should not be here applied.

We do not overlook the cases cited by defendant from other jurisdictions which held generally that the strict rules of res judicata will not be applied where by doing so injustice would result. Whether in a proper case we might be disposed to adopt such a rule we need not here decide because we do not perceive this to be a case where the consequences of the general rule espoused in the first instance by defendant are of the nature asserted by him. It follows from what has been said that we find no merit in defendant's appeal.

The cross-appeal of plaintiff is equally without merit. Although stated as two points there is presented only the issue of whether the trial court erred in failing to eliminate defendant's rights of visitation in the light of the facts and circumstances as found by it.

We need not determine the law as it might have been if the parties had not by stipulation agreed with respect to the custody of the child which agreement was incorporated into the final decree, plaintiff thereby acquiescing in rights of visitation in defendant. It would be a most incongruous result to conclude that defendant should now be denied the rights of visitation for reasons which were existent prior to entry of the decree and without the establishing of any change of circumstances so requiring.

The language of this court in reviewing an order modifying alimony payments and determining that no change in circumstances had been shown, in Lord v. Lord, 37 N.M. 24, 16 P.2d 933, is equally applicable here where visitation rights are involved. See also Tuttle v. Tuttle, 66 N.M. 134, 343 P.2d 838.

In addition, we consider Edington v. Edington, 50 N.M. 349, 176 P.2d 915, 917, to be determinative of this cross-appeal. We there said:

"That the district court has a very wide discretion in the matter of award-

ing the custody of children has been so often held that it will suffice on the point to cite only one recent opinion of this court, Martinez v. Martinez, 49 N.M. 405, 165 P.2d 125. It should be borne in mind that, upon a proceeding to modify a provision for the custody of a minor child, the burden is on the moving party to satisfy the court that circumstances have so changed as to justify the modification. Every presumption is in favor of the reasonableness of the original decree, and, in the absence of a showing that compels the conclusion that the decree should be modified, an appellate court cannot interfere with the trial court's refusal to modify it.

"The only question before us is whether there has been any change of circumstances since the original decree was entered, which requires its modification. The record shows no material change bearing upon the necessity or the justice of modifying the provisions for the custody of the child and the court was not in error in refusing to do so. See 19 C.J. 350, 351; 27 C.J.S., Divorce, § 317; White v. White, 77 N.H. 26, 86 A. 353."

Plaintiff here makes no claim of changed circumstances and under the rule of Edington v. Edington, supra, the trial court's order was free from error.

It follows from what has been said that the order appealed from should be affirmed. It is so ordered.

COMPTON, C. J., and CHAVEZ, J., concur.

CARMODY and NOBLE, JJ., not participating.