443 P.2d 741

Bobby Lea STONE, now Bobby Lea Holley,
Plaintiff-Appellant,

v.

Roy Dumont STONE, Defendant-Appellee.
No. 8546.

Supreme Court of New Mexico.
July 22, 1968.

Prince & Hatch, Santa Fe, for plaintiff-appellant.

Jones, Gallegos, Snead & Wertheim, Santa Fe, for defendant-appellee.

## OPINION

MOISE, Justice.

Reversal is here sought of an order refusing to change the custody of two children. It would serve no useful purpose to detail the facts as proven at the hearing on the petition filed by appellant. It should be sufficient to note that the parties had four adopted children whose custody now has been changed several times since a divorce was granted, the last custody order, dated April 20, 1966, having placed two of them (Wayne and Midge) with the mother-appellant and the other two (Dale and Tim) with the father-appellee. The petition for change of custody was filed in January, 1967, only some eight months after the last order concerning custody and, after a prolonged and complete hearing, the court, among other things, found no substantial change in any material fact relating to the welfare of any of the four children, and that the best interests of the two at issue in the hearing (Dale

and Tim) would not be served by changing the custody from the father to the mother. Judgment was entered accordingly, and this appeal followed.

■ The oft-repeated rule in cases of this type is to the effect that the best interests of the child is the principal consideration in determining custody, as well as in procedures seeking change in custody orders. Kotrola v. Kotrola, 79 N.M. 258, 442 P. 2d 570, decided June 17, 1968, together with cases therein cited. However, as noted in Kotrola, the rule applicable in cases seeking a change of custody is to the effect that the trial court has discretion in its determination of custody and that we will not interfere or reverse unless there is no substantial evidence to support the court's findings and conclusions, or there has been a manifest abuse of discretion. Fox v. Doak, 78 N.M. 743, 438 P.2d 153 (1968). Neither is a change of custody permissible except upon showing of a change of circumstances. Fox v. Doak, supra; Kerley v. Kerley, 69 N.M. 291, 366 P.2d 141 (1961). The court having found no change of material circumstances, and that the best interests of the children are served by continuing the custody as previously ordered, and these findings being supported by substantial evidence the order appealed from should not be reversed. We have considered the findings in the light of the proof and even though we might have reached a different conclusion if we were considering the case de novo, we are satisfied that the findings of the court are substantially supported by the evidence. In such situations it would be most disturbing if we should consider ourselves better qualified to arrive at a proper conclusion concerning the best interests of the children. In cases such as this, we must rely strongly on the judgment and good sense of the trial judge. Nothing is evident in this record which in any sense reflects on the reasonableness of his conclusion except possibly certain statements concerning the proof made by him in the course of deciding the case. However, we have said many times, and do not depart therefrom here, that remarks by a trial judge are not final and may be changed at any time before entry of final judgment. Fox v. Doak, supra; Wray v. Pennington, 62 N.M. 203, 307 P.2d 536 (1956); Ferret v. Ferret, 55 N.M. 565, 237 P.2d 594 (1951). Accordingly, error is not to be predicated upon these statements. Pack v. Read, 77 N.M. 76, 419 P.2d 453 (1966).

■■ One further argument needs to be noticed. The appellant would predicate abuse of discretion on the fact that Dale, being fourteen years old, expressed a desire to live with his mother and to have his custody changed accordingly, but that the court ruled otherwise. We are impressed that the prevailing and correct rule concerning the proper weight to be given to the expressed wish of a minor whose custody is at issue is that set forth in Annot., 4 A.L.R.3d 1396, 1402 (1965), where it is stated that in cases of children of sufficient age, discretion and intelligence to exercise an enlightened judgment, their wishes concerning their own custody are a factor which should be considered by the court in arriving at its conclusion on the issue, but is in no sense controlling. See Focks v. Munger, 20 N.M. 335, 149 P. 300, L.R.A.1915E, 1019 (1915). Although the court here did not follow the wish expressed by Dale, no abuse of discretion or error is found in that action.

From what has been said it is clear that the action appealed from is free from reversible error, and should be affirmed.

It is so ordered.

NOBLE, J., and COMPTON, J., concur.