476 P.2d 772

**Tom J. TERRY, Plaintiff-Appellee,**

v.

**Jewell R. TERRY, Defendant-Appellant.**

**No. 9018.**

Supreme Court of New Mexico.

Nov. 2, 1970.

Chavez & Roberts, Santa Fe, for defendant-appellant.

Fred T. Hensley, Portales, for plaintiff-appellee.

OPINION

McKENNA, Justice.

This is an appeal from an order modifying child custody.

In an earlier divorce proceeding between these parties, the district court granted the appellant mother custody of their minor child, Wayne Rea Terry, for the months of September through May of each year, and

the appellee father custody during the summer months of June, July and August, each party having the right of reasonable visitation. By subsequent order entered January 4, 1961, the district court modified the custody decree to provide that neither party should remove Wayne Rea Terry from the State of New Mexico without the written consent of the other party or by order of the court. In the order the court specifically stated that it was retaining jurisdiction of the cause with respect to future custody.

On July 25, 1969, the district court issued an order to the appellant to show cause why permanent custody of the child, then ten years old, should not be given to the father, with visitation rights in the mother. The father's motion for the order to show cause alleged that she removed the child to Colorado without his consent or the approval of the court. The appellant answered praying for a modification of the original decree of custody to shorten the custody rights of the father and to modify or vacate the restriction on removing the child from New Mexico. Both parties, as well as the child, appeared before the district court at the hearing.

Some time in 1969, the District Court of Boulder County, Colorado, entered an order changing the custody rights, in a suit brought by the mother against the father, in which both parties appeared.

Our court found, in part, that (1) the child was within the State of New Mexico and subject to the court's continuing jurisdiction; (2) although the appellee's motion failed to specifically allege a change of circumstances, such change of circumstances was implicit in the appellee's motion and, in any event, the matter was fully litigated and the court would consider the pleadings amended to conform to the evidence; (3) changes have occurred since the original decree was entered, namely, that the appellee was now married and has a home for the child who would then have a suitable mother and father in that home, and (4) the child, who expressed his desires that he remain with the father, now needed a

father. The court specifically found the minor child of sufficient maturity and intelligence for the court to give some weight to the child's wishes. Based upon the findings, the court entered its order changing the custody in favor of the father. Generally speaking, the order gave the father custody during the winter months and the mother during the summer months.

 The appellant's first point is that the district court erred in failing to give full faith and credit to the 1969 Colorado decree. First of all, we cannot speculate as to what the Colorado decree stated, for it was not introduced into evidence nor even tendered. We do not know what facts or circumstances were presented to the Colorado court on which it rested an adjudication. Secondly, the proceedings here in our district court which culminated in the order of February 18, 1970, were for a modification of custody. Both parties, including the minor child, appeared. The court found and concluded that changes in conditions and circumstances had occurred since its first decree sufficient to modify the original decree of the court by increasing the custody rights of the father. As always, the primary concern is what is best for the child's welfare. Kotrola v. Kotrola, 79 N.M. 258, 442 P.2d 570 (1968). The child testified that he *now* wanted to remain with his father, and the court found that it was in his best interests that he remain with his father during the school term of each year. The court specifically found that all of the boy's past life was without a father and *now as he grows older,* he is more and more in need of a father figure. As stated in Evens v. Keller, 35 N.M. 659, 6 P.2d 200 (1931), a judgment of a sister state awarding custody is entitled to full faith and credit on the state of facts then existing but if subsequent thereto a substantial change of conditions has occurred calculated to affect the child's welfare, the court may in a later hearing render such decree as the child's welfare requires. The discretion of the trial court in child custody matters is wide. Kotrola v. Kotrola, supra; Martinez v. Martinez, 49 N.M. 405, 165 P.

2d 125 (1946); § 22–7–6, N.M.S.A.1953. Having found ·a change of circumstances and conditions, the court's hands were not tied and it had power and authority to modify its previous custody award as it deemed best for the child.

The appellant's second point is that the district court was without jurisdiction to modify its previous custody decree since the appellee's motion to modify failed to specifically allege that a change of circumstances had occurred. Regardless of this, the question that was litigated, and in which the appellant fully participated, was whether the custody provisions should be changed. Paragraph VII of the appellee's motion requested a change of custody; the appellant claimed no surprise and made no objection to the custody issue being heard. In Berkstresser v. Voight, 63 N.M. 470, 473, 321 P.2d 1115, 1117 (1958), we said: "It is well established that where issues are tried by express or implied consent of the parties, they will be treated as if they had been raised in the pleadings." Nor was it necessary for the appellee to formally move to amend his pleadings for "failure so to amend does not affect the result of the trial" on the issues litigated. Rule 15(b) (§ 21–1–1(15) (b), N.M.S.A.1953); Berkstresser v. Voight, supra, at 473. There was notice, a hearing, and the appellant had every opportunity to and did present her evidence and, moreover, as observed in Bell v. Odil, 60 N.M. 404, 408, 292 P.2d 96, 98 (1956); "We think it is true that the pleadings and procedure upon modification of a custody award are, and because of their nature should be, far more elastic than is the case with usual adversary proceedings." Tuttle v. Tuttle, 66 N.M. 134, 137, 343 P.2d 838 (1959).

■ During the hearing the court heard testimony from the minor child, then over ten years of age. The appellant urges that the court erred in finding that the boy had sufficient maturity and intelligence to state a decision as to his choice of whom ·he wished to live with. The court found that because of his maturity and intelligence it could give some weight to his wishes. To do so was well within the court's discretion and we will not interfere, where nothing is presented to show an abuse. Stone v. Stone, 79 N.M. 351, 443 P.2d 741 (1968).

■ The appellant also complains of the court's refusal to grant her motion to dismiss for failure to show a material change of circumstances. She also urges that there was no substantial evidence to support certain findings as to changes of circumstances and the suitability of the present wife of the appellee to help raise the boy. We have examined the record and substantial evidence was presented of changed circumstances of material import and, accordingly, the court had sufficient basis for modification of custody and acted properly in denying the motion to dismiss. See Martinez v. Trujillo, 81 N.M. 382, 467 P.2d 398 (1970); Fox v. Doak, 78 N.M. 743, 438 P.2d 153 (1968); Tapia v. Panhandle Steel Erectors Company, 78 N.M. 86, 428 P.2d 625 (1967).

There is one final matter to be noted. On June 12, 1970, while this appeal was pending, we issued a writ of certiorari for diminution of the record and we are in receipt of a supplemental transcript of record. The supplemental transcript reveals that since the hearing before the district court the wife of the appellee has divorced him. We will not consider that new matter here. Suffice it to say, it is for the appellant if she so desires to present this new circumstance to the district court for consideration.

The order of the trial court is affirmed.

It is so ordered.

TACKETT and SISK, JJ., concur.