· 483 P.2d 932

Lester MERRILL, Plaintiff-Appellee,

v.

Margaret Ann MERRILL, Defendant-
Appellant.

No. 9124.

Supreme Court of New Mexico.

March 22, 1971.

Rehearing Denied April 20, 1971.

James E. Womack, Albuquerque, for de-
fendant-appellant.

Dan B. Buzzard, Clovis, for plaintiff-ap-
pellee.

OPINION

TACKETT, Justice.

By motion, plaintiff-father requested a
modification of previous orders respecting
custody of three minor children who had
been awarded to defendant-mother. After
hearing in the District Court of Curry
County, New Mexico, custody was changed
to plaintiff, with visitation rights awarded
to defendant. Defendant appeals.

Complaint for divorce was filed Novem-
ber 30, 1967. A child custody and support
agreement was entered into by the parties
on February 13, 1968. The final divorce
decree was entered of record on February
15, 1968, confirming the agreement which
awarded custody of the minor children to
defendant. Plaintiff, having remarried
two months earlier, filed a motion on June
13, 1968, seeking a modification of the di-
vorce decree, to change custody of the
children to him. After hearing, the court
denied plaintiff's motion on the ground
there was not a sufficient change in cir-
cumstances to warrant a change in custody.
On June 25, 1970, plaintiff again filed a
motion seeking modification of the divorce
decree with respect to custody of the chil-
dren. The court, after hearing, granted
the motion and changed custody of the

children to plaintiff by order entered August 13, 1970. On August 19, 1970, defendant filed her motion requesting the court to make findings of fact and conclusions of law, and also filed her requested findings of fact and conclusions of law. On August 24, 1970, plaintiff filed his requested findings of fact and conclusions of law.

Under Rule 52(B) (a) (1), Rules of Civil Procedure (§ 21–1–1(52) (B) (a) (1), N.M.S.A., 1953 Comp. Repl. Vol. 4), the trial court was obligated to make and file findings of fact and conclusions of law, because factual determinations were necessary to a proper decision of the case. This he failed and refused to do, possibly on the basis that defendant's requested findings and conclusions were filed on August 19, 1970, six days after entry of the order modifying the final divorce decree. This was error as Rule 52(B) (b), Rules of Civil Procedure (§ 21–1–1(52) (B) (b), N.M.S.A., 1953 Comp. Repl. Vol. 4), clearly states that:

"Upon motion of a party made not later than *ten [10] days* after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. * * *" (Emphasis added.)

Defendant principally contends that the court erred and abused its discretion in entering its order of August 13, 1970, which modified the child custody provisions of the previous divorce decree and order.

"The trial court is vested with great discretion in awarding the custody of [minor] children and we cannot reverse unless the court's conclusion about the best interests of the children is a manifest abuse of discretion under the evidence in the case. * * *"

Kotrola v. Kotrola, 79 N.M. 258, 442 P.2d 570 (1968).

In a proceeding to modify a provision for the custody of minor children, the burden is on the moving party to satisfy the court that circumstances have so changed as to justify the modification.

Every presumption is in favor of the reasonableness of the original decree. Kerley v. Kerley, 69 N.M. 291, 366 P.2d 141 (1961).

The principal question before us is whether there has been a sufficient change of circumstances, since the original divorce decree was entered, to require modification. We cannot say that plaintiff's remarriage, having a stable home, that defendant may move to Albuquerque (Garcia v. Garcia, 81 N.M. 277, 466 P.2d 554 (1970)), or the fact that the defendant did not force the children to visit the plaintiff, constitutes a sufficient change in circumstances to warrant a modification of the original divorce decree. The record has been searched and it does not reveal a material change of circumstances bearing upon the necessity or the justice of modifying the custody provision contained in the original divorce decree. A change of custody is not permissible except upon a showing of a material change of circumstances. Stone v. Stone, 79 N.M. 351, 443 P.2d 741 (1968).

In all custody questions, the primary concern should be the best interest and welfare of the children. Terry v. Terry, 82 N.M. 113, 476 P.2d 772 (1970). In the case before us, there is no evidence in the record to indicate that the best interest and welfare of the children would be with the plaintiff. Had the trial court made a finding in this respect, we would then be able to determine if such finding did or did not have support in the evidence. We are unable to find any evidence in the record on this matter.

The three boys, ages 16, 14 and 10, testified that they wanted to live with their mother. The prevailing and correct rule, concerning the proper weight to be given to the expressed wish of minors, whose custody is at issue, is that set forth in Annot. 4 A.L.R.3d 1396 at 1402 (1965), where it is stated that:

"* * * when a child is of sufficient age, intelligence, and discretion to

exercise an enlightened judgment * * *."

their wishes concerning their own custody are a factor to be considered by the court in arriving at its conclusion on the issue, but it is in no sense controlling. Stone v. Stone, supra.

Did the trial court abuse its discretion in modifying the child custody provisions contained in the final divorce decree, without sufficient evidence of a change of conditions and circumstances to warrant such modification? This question is answered in the affirmative. Trial courts have a wide discretion in custody matters. That discretion is "judicial" and must be based on evidence introduced in the case and is subject to review. Martinez v. Martinez, 49 N.M. 405, 165 P.2d 125 (1946).

"Judicial discretion is a discretion which is not arbitrary, vague or fanciful, or controlled by humor or caprice, but is a discretion governed by principle and regular procedure for the accomplishment of the ends of right and justice. * * *"

Urzua v. Urzua, 67 N.M. 304, 355 P.2d 123 (1960). Also see, Fox v. Doak, 78 N.M. 743, 438 P.2d 153 (1968).

Judicial discretion and decision must be based on evidence introduced at the trial and since the record proper in the instant case does not support the trial court's decision, there was an abuse of discretion in entering the order changing custody of the minor children without evidentiary support.

The cause is reversed and remanded to the trial court with direction to enter a new order setting aside the modification order of August 13, 1970, which, in effect, will restore the parties to their original status under the final divorce decree.

Appellant is allowed a reasonable attorney's fee for this appeal in the sum of $1,000, to be taxed as costs against appellee.

It is so ordered.

McMANUS and OMAN, JJ., concur.