565 P.2d 337

**Mary Ann BOONE, Petitioner-Appellant,**

v.

**Danny L. BOONE, Respondent-Appellee.**

No. 11088.

Supreme Court of New Mexico.

June 6, 1977.

Harry L. Patton, Clovis, for petitioner-appellant.

Dan B. Buzzard, Clovis, for respondent-appellee.

## OPINION

MAURICE SANCHEZ, District Judge.

This is an appeal from an order entered by the District Court of Roosevelt County, New Mexico, changing the custody of two minor children from their mother Mary Ann, petitioner-appellant, to their father Danny, respondent-appellee.

Mary Ann and Danny were divorced on December 18, 1975. The divorce decree awarded custody of Kimberly DiAnn Boone, age 6 years, and Darion Timothy Boone, age 4 years, to Mary Ann. On June 3, 1976, Danny filed a motion alleging that "circumstances and conditions have changed substantially since the entry of the judgment and decree herein in that the minor children are not being properly cared for and it would be to their best interest if their care, custody, and control were given to respondent." The court granted the motion and changed the custody of the children to Danny by order entered July 23, 1976. After a hearing, both parties requested findings of fact and conclusions of law. The court adopted the findings of fact and conclusions of law requested by Danny and denied those submitted by Mary Ann.

The dispositive findings of fact as found by the trial court, and all of which are challenged by the respondent, are the following:

9. That the relationship between Mary Ann Boone and Ben Corsey has caused the daughter embarrassment at school and has caused the children to be deceptive, and they try to cover up the facts of the relationship of their mother and Ben Corsey.

11. That such relationship is immoral and creates a poor situation for the raising of the children. Although Mary Ann Boone has said that the children never knew she was sleeping with Ben Corsey, the relationship between them is a bad influence on the children.

12. That such conditions create an improper atmosphere in which to raise children, whether Ben Corsey be white or black; and the fact he is black does not excuse the relationship.

13. That Mary Ann Boone has shown great instability in her attitude toward the moral training of the children by the way she has lived with Ben Corsey.

14. That with the respondent the children would have better moral training, and have a better opportunity to be trained and educated, and to develop a stable life.

18. That the children would be better reared with members of their own race.

Mary Ann contends that the trial court abused its discretion when it modified its decree and changed custody of the children when there is no substantial evidence of material change in circumstances which would justify such a change.

■ The rule is firmly established in this jurisdiction that the findings of fact of the trial court, when supported by substantial evidence, cannot be disturbed on appeal. *Wilson v. Employment Security Commission,* 74 N.M. 3, 389 P.2d 855 (1963). It is also well established that on appeal all disputed questions of fact must be resolved in favor of the successful party, and all reasonable inferences indulged in support of the judgment. *Blancett v. Homestake-Sapin Partners,* 73 N.M. 47, 385 P.2d 568 (1963); *Totah Drilling Co. v. Abraham,* 64 N.M. 380, 328 P.2d 1083 (1958). However, the evidence must be of such substance as will establish facts from which reasonable inferences may be drawn. *Tapia v. Panhandle Steel Erectors Company,* 78 N.M. 86, 428 P.2d 625 (1967).

■ We have uniformly held that in determining custody of children in a proceeding of this type, the best interests and welfare of the children should be the controlling and paramount inquiry of the court. *Terry v. Terry,* 82 N.M. 113, 476 P.2d 772 (1970); *Merrill v. Merrill,* 82 N.M. 458, 483 P.2d 932 (1971); *Martinez v. Martinez,* 49 N.M. 405, 165 P.2d 125 (1946). In proceedings to change the provisions for custody of minor children, the burden is on the moving party to convince the court that a material change in circumstances has occurred to justify a modification of the original decree. There is a presumption in favor of the reasonableness of the original judgment and decree. *Merrill v. Merrill,* supra; *Kerley v. Kerley,* 69 N.M. 291, 366 P.2d 141 (1961).

■ Bearing in mind the foregoing principles, we have searched the record and failed to find any evidence of a substantial

nature to support the findings set forth above. A careful examination of the record does not reveal any material change of circumstances which would indicate the necessity or the justice of modifying the custody provisions contained in the divorce decree. We shall make no attempt to detail all of the evidence in this case, suffice it to say there is nothing in the record which materially reflects upon the morality, the character, or the integrity of the petitioner in this case or which indicates that the children are not receiving proper maternal care. It is true that Mary Ann has been seeing Ben Corsey, a black man, and at the time of the hearing in the lower court was engaged to him, and at the time of the argument before this court was married to him.

The court found, as noted above, that the relationship between Mary Ann and Ben was immoral, a bad influence on the children, and an improper atmosphere to raise minor children. It found that Mary Ann had shown instability in her attitude toward the moral training of her children "by the way she has lived with Ben Corsey," that the children would have better moral training with their father, that the children would be happier if placed in the home of Mary Ann's brother Chester Harth, and, finally, that the children will be "better reared with members of their own race."

The record is barren of any evidence to support any of these findings. We recognize that the trial court is vested with broad discretion in awarding the custody of minor children, but we cannot ignore the complete lack of evidence to support the court's findings in this case. The record, in fact, discloses clear and convincing evidence that Mary Ann and Ben have been circumspect in their relationship and at no time have acted in a way harmful to the children's welfare. The evidence is also clear and convincing that the children are in better mental and physical health than they were at the time of the dissolution of the marriage of their parents. The record shows that Ben spends much time with the children and has achieved a good and friendly relationship with them. The evidence is undisputed that the children are

well-fed, clean and well-dressed, and are not in any way neglected by their mother. On the other hand, Danny is single, resides alone, and is a truck driver who spends many long hours away from home. The father's plan is to place the children in a foster home, the residence of Mary Ann's brother, Chester Harth, where the children will be deprived of the consistent personal attention of either parent.

■ It is clear to this court that racial considerations weighed heavily upon the trial court in ordering a change of custody in this case. We hold that racial considerations alone cannot properly determine what is in the best interests of children, or what is most consonant with their welfare or physical and mental well being. We agree with the holding in the case of *In Re H.*, 37 Ohio Misc. 123, 66 Ohio Op.2d 178, 181, 305 N.E.2d 815, 818 (1973).

It was not until 1967, that the United States Supreme Court struck down criminal anti-miscegenation laws. *Loving v. Virginia,* 388 U.S. 1, 87 S.Ct. 1817, 18 L.Ed.2d 1010. In doing so the Court used the following language: "The Fourteenth Amendment requires that the freedom of choice to marry not be restricted by invidious racial discrimination. Under our Constitution, the freedom to marry or not to marry, a person of another race resides with the individual and cannot be infringed by the State." *If the Court in the case at Bar would hold that Carol by her interracial marriage had forfeited the custody of her child we would indeed be infringing upon the right to marry a person of another race.* (Emphasis added.)

It follows from what has been said that the trial court abused its judicial discretion since its decision does not find support in the evidence, and the order changing custody of the minor children without the necessary evidentiary support should therefore be reversed.

This cause is reversed and remanded to the trial court with instructions to enter a new order setting aside the modification order entered on July 23, 1976, thus restor-

ing the parties to their original status under the final judgment and decree of divorce entered on December 18, 1975. A reasonable attorney's fee in the amount of $1,200.00 is allowed appellant herein to be taxed as costs against the appellee.

IT IS SO ORDERED.

SOSA and EASLEY, JJ., concur.