570 P.2d 915

**In the Matter of Scott Warren BRIGGS and Denise Marie Briggs, minors.**

**Joyce PULLEN, Petitioner-Appellee,**

v.

**Robert D. BRIGGS,
Respondent-Appellant.**

No. 11425.

Supreme Court of New Mexico.

Nov. 1, 1977.

Harold B. Albert, Warren O. F. Harris, Albuquerque, for respondent-appellant.

Robert H. Scott, Albuquerque, for petitioner-appellee.

OPINION

SOSA, Justice.

A petition was filed in the District Court of Bernalillo County before the Honorable William F. Riordan for a change of custody of two minor children from the natural father, Robert D. Briggs, respondent-appellant, to the natural mother, Joyce Pullen, petitioner-appellee.

The court granted the mother's petition, ordered the appellant to pay child support, held the appellant in contempt of court for non-payment, and issued a bench warrant for his arrest. The respondent appeals. We reverse.

In July 1966, the appellant and the appellee were divorced in the County of Los Angeles, California, where custody of the two minor children was awarded to the appellant by mutual consent between the parties.

In April of 1975, with the consent of the appellant, the two children were delivered to their mother by the parents of the father, due to the grandparents' inability to care for the children during the appellant's absence from the country—he was working in Saudi Arabia. In August of 1976, the mother petitioned the district court for a change of custody of the two children. A notice of hearing was mailed to the appellant in Saudi Arabia on September 27, 1976, indicating a hearing on the merits would be conducted on October 15, 1976; however, the hearing was continued until January 14, 1977, since the appellant needed more time to make arrangements to return to the United States. The district court awarded "temporary legal custody" to the mother on October 20, 1976. The appellant moved to set aside the temporary custody order, due to the ex parte nature of the action, but the motion was denied on December 2, 1976.

On January 12, 1977, the respondent again filed a motion to vacate the January 14, 1977, hearing since he could not leave his work in Saudi Arabia. The trial court denied the motion and proceeded to hear the case on its merits. The trial court found for the appellee and ordered a change in custody from the appellant to the appellee. The court also ordered the appellant to pay the appellee $350 a month for child support.

On March 21, 1977, the court entered its order and the appellant filed his notice of appeal on the same day. Thereafter, the appellee obtained an order to show cause directing the appellant to show cause why he should not be held in contempt of court for failure to pay the support as ordered. This hearing occurred on April 15, 1977, whereupon the appellant was held in contempt of court. The court then ordered that a bench warrant with a $2,000 bond be issued.

The dispositive issues are: (1) Was there substantial evidence to show a material change in circumstances which would allow the court to change custody to the mother; and (2) was there substantial evidence to indicate that the court did not abuse its discretion in awarding $350 a month child support for the two children.

The standard used in determining the custody of children is the best interests and welfare of the child and it is the controlling inquiry of the trial court. *Boone v. Boone,* 90 N.M. 466, 565 P.2d 337 (1977); *Terry v. Terry,* 82 N.M. 113, 476 P.2d 772 (1970). Although the trial court has great discretion in determining the best interests of the child, it is mandatory that the court determine whether a material change in circumstances has occurred to justify the modification of the original decree; and the appellee carries this burden of persuasion. *Merrill v. Merrill,* 82 N.M. 458, 483 P.2d 932 (1971); *Kerley v. Kerley,* 69 N.M. 291, 366 P.2d 141 (1961). Furthermore, in order to

uphold the modification, the trial record must indicate that the morality, character or integrity of the custodial parent is such that the children are not receiving proper care. *Boone, supra.*

In the instant case, the record does not reflect upon the morality, character or integrity of the father. Although Judge Riordan found that the appellee was a fit and proper person to care for the children, the record is void as to the fitness of the appellant. The record only reflects that the appellant, by taking employment in Saudi Arabia, increased the educational benefits of the children and that if their permanent custody was changed to the mother these benefits would be lost. Also, the record indicates the court found that the appellant made no objection to the children being delivered to the custody of the appellee by his parents. This in itself is not enough to reflect a material change in circumstances to justify a modification of the divorce decree.

█ The appellee asserted that she needed to have the custody decree modified so that she may be able to act legally on behalf of the children. However, since Judge Riordan granted her temporary custody this empowers her to act on behalf of the children and granting her permanent custody may not be justified on these grounds alone.

█ We do not superimpose our judgment as to who the custodial parent should be. We only decide that the record is barren as to any material change which would justify modifying the custody award. This of course, does not in any way imply that there was not sufficient evidence to warrant a temporary change in custody. However, before a change of custody other than a temporary one would be upheld, the trial court must make the necessary findings supported by substantial evidence.

The appellant next alleges an error was committed by the trial court when it ordered the appellant to pay $350 a month for child support notwithstanding the fact that no evidence was introduced to substantiate the respondent's ability to pay the award. The appellant contends that the trial judge abused his discretion by questioning appellee's counsel as to what he thought a reasonable amount for child support would be. Appellee's counsel conceded that he did not have *any* evidence regarding the appellant's salary but nevertheless urged the court to award $350 a month since he believed it was reasonable.

█ This Court has repeatedly held that findings may not rest upon mere speculation and conjecture. *Otto v. Otto,* 80 N.M. 331, 455 P.2d 642 (1969); *Fitzgerald v. Fitzgerald,* 70 N.M. 11, 369 P.2d 398 (1962). Therefore, any finding of fact which is unsupported by substantial evidence cannot stand. *See Fitzgerald, supra.*

█ Since there exists a lack of substantial evidence by which the trial court could base an award of child support, we agree with the appellant's assertion that the trial judge abused his discretion. Without knowledge of the appellant's income there was *no* evidence to support the finding, and therefore, due to this lack of evidence the finding cannot go undisturbed.

█ A fortiori, since there was no evidence regarding the appellant's earnings upon which the trial court could base the child support award, the finding of the appellant in contempt for failure to make such payments must also be reversed.

The trial court is reversed, and the cause is remanded for further proceedings not inconsistent herewith.

PAYNE and FEDERICI, JJ., concur.