607 P.2d 619

Max SCHUERMANN,
Petitioner-Appellee,

v.

Aletta M. SCHUERMANN,
Respondent-Appellant.

No. 12592.

Supreme Court of New Mexico.

March 6, 1980.

Harold H. Parker, Albuquerque, for respondent-appellant.

Rowley, Hammond, Rowley & Tatum, David F. Richards, Clovis, for petitioner-appellee.

## OPINION

PAYNE, Justice.

This appeal involves a dispute over the custody of minor children by their divorced parents. Max Schuermann, the appellee, moved the district court to change the original divorce decree to give him custody of the couple's two boys. He alleged changed circumstances. Aletta Schuermann, the appellant, responded that circumstances had not changed sufficiently, and asked for an increase in child support and for attorney's fees. After a full hearing on the motion, the father was awarded custody and the mother was denied attorney's fees. The mother appeals. We affirm the custody award to the father, but reverse the denial of attorney's fees.

The issue before us is whether change of circumstances had occurred and by what standard that change ought to be measured.

The mother contends that modification of custody cannot be made unless the morality, character or integrity of the custodial parent becomes such that the child is no longer receiving proper care. The father counters that modification of custody only need be supported by a finding that the change is in the best interests of the child.

This Court has repeatedly stated that the controlling inquiry of the trial court in settling any custody dispute is the best interests of the child. *Matter of Briggs,* 91 N.M. 84, 570 P.2d 915 (1977); *Boone v. Boone,* 90 N.M. 466, 565 P.2d 337 (1977); *Terry v. Terry,* 82 N.M. 113, 476 P.2d 772 (1970). We reaffirm the best interests test. We also reaffirm the rule that:

> In a proceeding to modify a provision for the custody of minor children, the

burden is on the moving party to satisfy the court that circumstances have so changed as to justify the modification. Every presumption is in favor of the reasonableness of the original decree. (Citation omitted.)

*Merrill v. Merrill,* 82 N.M. 458, 459, 483 P.2d 932, 933 (1971). *See also Kerley v. Kerley,* 69 N.M. 291, 366 P.2d 141 (1961).

Litigants and trial courts, however, seem to encounter difficulty in reconciling that test with the following principles also enunciated by this Court:

[T]he trial record must indicate that the morality, character or integrity of the custodial parent is such that the children are not receiving proper care.

*Matter of Briggs, supra,* at 86, 570 P.2d at 917. *See also Boone v. Boone, supra.*

■ Courts frequently see cases where a change in the circumstances of the non-custodial parent could provide better for a child's best interests than can the circumstances of the custodial parent. The custodial parent often will argue that his or her morality, character or integrity has not changed. It is argued that before the "best interests of the child" test can be employed, the court must first find that the morality, character or integrity of the custodial parent has changed since the original award of custody. We reject that argument and, to the extent that prior opinions of this Court are in conflict with this holding, we overrule them. To rely upon any test which causes parents contesting custody to promulgate the negative qualities of each other can only bruise and further disrupt a young child's family relations.

■ In any proceeding involving custody, the courts' primary concern and consideration must be for the child's best interests. In determining which parent will provide best for those interests, courts should consider all relevant factors including, but not limited to:

(1) the wishes of the child's parent or parents as to his custody;

(2) the wishes of the child as to his custodian;

(3) the interaction and interrelationship of the child with his parents, his siblings and any other person who may significantly affect the child's best interest;

(4) the child's adjustment to his home, school and community; and

(5) the *mental* and physical health of all individuals involved. (Emphasis added.)

§ 40–4–9 A, N.M.S.A.1978.

In proceedings for modification of custody, courts also should consider any negative impact on children caused by a custody change. Frequent changes of schools and home locations, differences in family structures and in parental personalities are difficult for children to adapt to even under the best of circumstances. Modifications in custody should not be granted too quickly. Once custody has been awarded to a parent, this Court has held that the best interests of the child ordinarily will not be served unless a substantial change has occurred in the circumstances of the custodial home or in the capacity of the custodial parent. Where, however, the home environment or the morality, character or integrity of the custodial parent prevents the child from receiving proper care or from enjoying stable family relationships, a change in custody is justified.

The "morality, character or integrity" standard should still be used to determine the capacity of the custodial parent, and it should function to determine the child's best interests. The "best interests" test is broad and vests the trial judge with considerable discretion. The exercise of discretion by the trial judge, however, must be consistent with the evidence.

■ We hold that the district court acted properly in modifying custody in this case. The record indicates a sufficient change in the circumstances and capacity of the mother that an award of custody to the father is in the best interests of the Schuermann children.

■ We further hold that the father must bear a portion of the costs incurred by

the mother in defending this action. The economic circumstances of the parties and the amount of travel in this suit imposed a particularly heavy financial burden on the mother. The appellee is ordered to pay $1,500 towards the appellant's attorney's fees and court costs.

It is important for trial judges to be liberal in awarding attorney's fees in custody cases where the economic disparity between the parties and the costs involved in pursuing the action are so great that participation becomes economically oppressive to one party. To do otherwise would have a chilling effect upon the less affluent parent's ability to present his or her case and upon the trial judge's ability to determine which parent can provide best for a child's welfare.

The trial court is affirmed as to the custody of the minor children and reversed as to the awarding of attorney's fees and court costs to the appellant.

This matter is remanded with instructions to take such further action necessary, consistent with the holdings of this opinion.

IT IS SO ORDERED.

EASLEY and FELTER, JJ., concur.