This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**TOMAS MARTINEZ,**

 **Petitioner-Appellee,**

 **vs.** **No. 34,740**

**KATHRYN OVERTON,**

 **Respondent-Appellant**.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Deborah D. Walker, District Judge**

Tomas Martinez
Albuquerque, NM

Pro Se Appellee

Sutin, Thayer & Browne
Timothy J. Atler

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

{1} Respondent-Appellant Kathryn Overton (Mother) appeals a memorandum order adopting a hearing officer's report awarding sole legal and physical custody of Child

to Petitioner-Appellee Tomas Martinez (Father). [RP 280] This Court issued a notice of proposed summary disposition, proposing to affirm. Mother has filed a memorandum in opposition, along with a motion to amend the docketing statement, which we have duly considered. Unpersuaded, we deny Mother's motion to amend the docketing statement and affirm the district court's permanent custody order.

{2} Our notice detailed the findings set forth in the hearing officer's report and proposed to conclude that substantial evidence supported the district court's custody decision. [CN 8] The memorandum in opposition asserts that Mother continues to dispute these findings, but does not provide any additional factual or legal argument in support of that contention. [MIO 10] Instead, the memorandum in opposition "focus[es] the Court's attention on the [asserted] illegality of the initial, temporary reversal of custody in April 2014 that set the stage for the subsequent permanent change in custody." [MIO 10-11] Mother's memorandum in opposition seeks to argue that the district court's temporary order adopting advisory consultation recommendations, issued in response to Father's emergency motion for the court to reverse custody, [RP 188, 213] was improper because it was issued without the benefit of a hearing and without a finding of material change in circumstances. [MIO 11] Relevant to this, Mother contends that allowing the issuance of a temporary custody order without a hearing or finding of material change in circumstances "means the

district court can disregard the law concerning change of custody so long as substantial evidence is later developed to justify the change." [MIO 11] Because this issue was not articulated in Mother's docketing statement, we construe the inclusion of this issue as a motion to amend the docketing statement. However, for the reasons set out here we deny that motion because the issue Mother attempts to raise is not viable. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying a motion to amend the docketing statement because the argument sought to be raised was not viable).

**{3}**     First, we decline to review Mother's contention on the basis of mootness. [RP 213] *See State v. Ordunez*, 2012-NMSC-024, ¶ 22, 283 P.3d 282 ("It is not within the province of an appellate court to decide abstract, hypothetical or moot questions in cases wherein no actual relief can be afforded." (alteration, internal quotation marks and citation omitted)). The language of the temporary custody order provides that "[t]he [c]ourt hereby adopts the provisions of the custody attachment to the [o]rder of [p]rotection as a temporary order in the above-captioned cause of action. On a temporary basis, Father shall have sole legal custody and primary physical custody of the parties' minor child." [RP 213-14] The temporary custody order was initiated by Father's filing of an emergency motion [RP 188] asserting that there were circumstances warranting the district court's consideration. To the extent Mother

3

argues that the circumstances alleged by Father were not in the nature of an emergency motion, [MIO 17] we disagree. Mother failed to comply with a court-ordered custody arrangement, [RP 188-89] and has not pointed us to any authority suggesting that such disregard for a court order, in the context of child custody, does not constitute an emergency. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists.").

{4}     Nevertheless, and importantly, any provisions outlined in the temporary custody order necessarily expired after entry of the permanent custody order on April 17, 2015. [RP 280] Effectively, Mother's memorandum in opposition asks this Court to vacate the permanent custody determination of the district court based on an allegedly improper temporary custody order. We decline to do so. Hearings were held on February 26, 2015 and March 5, 2015, at which both Mother and Father were present and had the opportunity to present testimony. [RP 234] As our notice observed, [CN 5-7] based on these hearings and testimony, the hearing officer entered a twenty-six page report, [RP 234] which the district court adopted. [RP 280] At that juncture, the district court determined, based on the extensive findings in the hearing officer's report, that it would be in the best interests of Child to be in Father's sole legal and physical custody. [RP 258, 280] *See Schuermann v. Schuermann*, 1980-NMSC-027,

4

¶ 6, 94 N.M. 81, 607 P.2d 619 ("In any proceeding involving custody, the courts' primary concern and consideration must be for the child's best interests."). As such, we disagree that the district court's reliance on the custody provisions in the order of protection as a temporary order should impact our review of the district court's decision with respect to Child's best interests and permanent custody status. *Cf. Lucero v. Pino*, 1997-NMCA-089, ¶¶ 11-13, 124 N.M. 28, 946 P.2d 232 (holding that a mother's challenge to a custodial change pursuant to a temporary order of protection was moot because the order had expired six months from the date of its issuance and there was no indication that the temporary order legally impacted current custody and adoption proceedings); *State ex rel. Children, Youth & Families Dept. v. Maria C.*, 2004-NMCA-083, ¶ 34, 136 N.M. 53, 94 P.3d 796 (holding, in the context of termination of parental rights, "that as a general matter, parents have a due process right to fair notice and an opportunity for meaningful participation *at the permanency stage*, including the right to present evidence and cross examine witnesses, when their presence or additional safeguards would be useful or beneficial to their defense" (emphasis added)).

{5}      To the extent Mother argues this issue is not moot because the lack of hearing at the temporary stage amounted to improper burden shifting to the original custodial parent—in this case, Mother—we disagree. [MIO 11] Importantly, Mother's

5

memorandum in opposition does not specifically argue that the burdens of proof in this case indeed improperly shifted at the permanent custody stage and that she was prejudiced as a result of such a shift. However, even if Mother had successfully argued that she inappropriately bore the burden of proof, our review of the hearing officer's report indicates that Father presented ample evidence in support of his position and Mother failed to present any evidence in support of her position. Specifically, the hearing officer's report noted that "despite being allotted ninety (90) minutes in which to present her case, Mother did not present so much as a *scintilla* of evidence to demonstrate that Child is either primarily bonded to her or that she is a better parent when compared to Father." [RP 258 (emphasis in original)] We therefore find no reversible error because Mother has not demonstrated that any claimed error prejudiced her. *See In re Estate of Heeter*, 1992-NMCA-032, ¶ 23, 113 N.M. 691, 831 P.2d 990 ("On appeal, error will not be corrected if it will not change the result."); *Hartman v. Texaco Inc.*, 1997-NMCA-032, ¶ 25 n. 4, 123 N.M. 220, 937 P.2d 979 (holding that an assertion of prejudice is not a showing of prejudice, and that in the absence of prejudice, there is no reversible error); *State v. Guerra*, 2012-NMSC-027, ¶ 30, 284 P.3d 1076 (recognizing that in the absence of demonstrating harm done by alleged errors, there is no due process violation).

{6}      For the reasons set forth above and in our notice of proposed summary

disposition, Mother's motion to amend the docketing statement is denied, and we affirm the district court's permanent custody order.

{7}     **IT IS SO ORDERED.**


_____
                                              **J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**JONATHAN B. SUTIN, Judge**


_____
**TIMOTHY L. GARCIA, Judge**