This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**EL PASO MACHINE & STEEL, INC.,**
**a Texas corporation,**

     Plaintiff-Appellee,

v.                                              **NO.  33,214**

**DND CONTRACTORS, INC.,**
**a New Mexico corporation and**
**THE HARTFORD FIRE INSURANCE**
**COMPANY, a Connecticut corporation,**

     Defendants-Appellants,

and

**DND CONTRACTORS, INC.,**
**a New Mexico corporation,**

     Counter-Claimant-Appellant,

v.

**EL PASO MACHINE & STEEL, INC.,**
**a Texas corporation,**

     Counter-Defendant-Appellee,

consolidated with

**SRI OF NEW MEXICO, LLC,**
**a New Mexico limited liability corporation,**

Plaintiff-Appellee,

v.

**DND CONTRACTORS, INC.,**
**a New Mexico corporation and**
**THE HARTFORD FIRE INSURANCE**
**COMPANY, a Connecticut corporation,**

Defendants-Appellants.

**APPEAL FROM THE DISTRICT COURT OF LINCOLN COUNTY**
**Karen L. Parsons, District Judge**

The Allison Law Firm, P.C.
Michael Allison
Albuquerque, NM

for Appellees

Lorenz Law
Alice T. Lorenz
Albuquerque, NM

Calvert Menicucci, P.C.,
Sean R. Calvert
Albuquerque, NM

for Appellants

### MEMORANDUM OPINION

**KENNEDY, Chief Judge.**

{1}     DND Contractors, Inc. and The Hartford Fire Insurance Company (collectively, Defendants) appeal an order awarding punitive damages against DND. [DS 12-13] In our notice of proposed summary disposition, we proposed to affirm. In response to this Court's notice, El Paso Machine & Steel, Inc. and SRI of New Mexico, LLC (collectively, Plaintiffs) have filed a memorandum in support, and Defendants have filed a memorandum in opposition, both of which we have duly considered. As we do not find Defendants' arguments to be persuasive, we affirm.

{2}     In their docketing statement, the only issue Defendants raised was whether the district court erred in relying on DND's litigation conduct as evidence that DND knew that it had no legitimate reason to refuse to pay Plaintiffs under the terms of the contracts. [DS 12-13] In this Court's notice of proposed summary disposition, we proposed to find no error because the district court's order did not unambiguously demonstrate that the court relied on DND's litigation conduct in its decision to award punitive damages. *See Herrera v. Roman Catholic Church*, 1991-NMCA-089, ¶ 14, 112 N.M. 717, 819 P.2d 264 ("Unless clearly erroneous or deficient, findings of the trial court will be construed so as to uphold a judgment rather than to reverse it."). In addition, we stated that, even if the court erred in finding that DND's litigation conduct was evidence of bad faith, the erroneous finding was not a basis for reversal where the remaining findings supported an award of punitive damages. *See Normand v. Ray*, 1990-NMSC-006, ¶ 35, 109 N.M. 403, 785 P.2d 743 ("[W]here specific

3

findings adopted by the trial court are shown to be erroneous, if they are unnecessary to support the judgment of the court and other valid material findings uphold the trial court's decision, the trial court's decision will not be overturned."). This is because "[f]indings of fact are to be liberally construed so as to uphold the judgment of the trial court, and findings are sufficient if a fair consideration of all of them taken together justifies the judgment of the trial court." *Id.*

**{3}** In Defendants' memorandum in opposition, they argue that *Santa Fe Custom Shutters & Doors, Inc. v. Home Depot U.S.A., Inc.*, 2005-NMCA-051, 137 N.M. 524, 113 P.3d 347, requires reversal of the punitive damages award. [MIO 1-3, 6] In that case, we held that the erroneous admission of evidence, which was both objected to and clearly relied upon by the district court in its decision, warranted reversal on appeal. *Id.* ¶¶ 19-26. However, *Santa Fe Shutters* is distinguishable. The case involved the admission of extensive testimony regarding the defendant's wrongful conduct with respect to a third party, and this evidence, which tended to show that the defendant had acted wrongfully in the past in the same manner alleged in the case being tried, was admitted in violation of the Rules of Evidence. Here, in contrast, DND's litigation conduct was a matter that was necessarily known to the district court and was not erroneously presented to it. Therefore, the only question is whether the district court could properly consider that conduct as evidence of DND's awareness of its bad faith in the performance of its contracts. As we have explained, the district

4

court's order is ambiguous as to whether it in fact did so, and this Court will construe any ambiguity in favor of the propriety of the order. Accordingly, we find *Santa Fe Shutters* to be inapposite to this matter.

{4} In response to our proposed conclusion that affirmance is proper because, even if the district court made an improper finding regarding DND's litigation conduct, the findings as a whole supported a claim of punitive damages, Defendants have raised a new argument. They do not simply assert that the facts as found by the district court do not support the award of punitive damages. Instead, they contend that the evidence presented to the district court was not sufficient to support the findings. [MIO 2, 6-20] Defendants never raised any issue regarding the sufficiency of the evidence in their docketing statement, and they have not filed a motion to amend the docketing statement in order to add this issue. *See* Rule 12-208(F) NMRA (stating that this Court will permit a party to amend the docketing statement for good cause shown); Rule 12-210(D)(3) NMRA (stating that a motion to amend the docketing statement may be filed at the same time as a memorandum in opposition to a notice of proposed summary disposition). Even if we were inclined to construe their argument as a motion to amend the docketing statement, we note that Defendants have not established the requirements for a successful motion to amend. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309 (setting forth those requirements). We also note that Defendants' memorandum encourages this

5

Court to view the facts in the light most favorable to their position rather than the district court's decision and that their argument is therefore contrary to our standard of review. *See Weidler v. Big J Enters., Inc.*, 1998-NMCA-021, ¶ 30, 124 N.M. 591, 953 P.2d 1089 (stating that, in reviewing a sufficiency of the evidence claim, the reviewing court views the evidence in the light most favorable to the prevailing party and disregards evidence and inferences to the contrary). Furthermore, Defendants' memorandum does not set forth all the evidence material to the issue of punitive damages, in that it fails to describe all of the evidence supporting the district court's decision. "Where the appellant fails to include the substance of all the evidence bearing upon a proposition, [this] Court . . . will not consider a challenge to the sufficiency of the evidence." *Wachocki v. Bernalillo Cnty. Sheriff's Dep't*, 2010-NMCA-021, ¶ 17, 147 N.M. 720, 228 P.3d 504 (internal quotation marks and citation omitted). When a party discusses only those facts that tend to show that some of the district court's findings were contradicted, the party does not address the substance of all the evidence bearing on the findings and, therefore, necessarily fails to demonstrate how the evidence supporting the district court's findings does not amount to substantial evidence. *Id.* To the degree that Defendants can be deemed to have filed a motion to amend the docketing statement to add an argument regarding the insufficiency of the evidence, their motion does not demonstrate that amendment is warranted.

{5}    Therefore, for the reasons stated here and in our notice of proposed summary disposition, we affirm.

{6}    **IT IS SO ORDERED.**


_____
**RODERICK T. KENNEDY, Chief Judge**


**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**


_____
**CYNTHIA A. FRY, Judge**