This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                        **NO. 31,274**

**DYLAN J.,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Robert E. Tangora, L.L.C.
Robert E. Tangora
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Defendant was convicted of three counts of criminal sexual penetration (CSP) in the first degree (child under thirteen) for acts involving his two sons, B.J. and A.J. In Defendant's first appeal to this Court, we concluded that Defendant established a prima facie claim of ineffective assistance of counsel, and we remanded to the district court to hold an evidentiary hearing. *State v. Dylan J.*, 2009-NMCA-027, ¶ 45, 145 N.M. 719, 204 P.3d 44. Following the evidentiary hearing, the district court rejected Defendant's claims that his trial counsel was ineffective.

**{2}** On appeal, Defendant raises three main issues. Defendant first argues that the district court erred in concluding that he received effective representation during his trial. Second, Defendant contends that his appellate counsel in his first appeal was also ineffective. Finally, Defendant argues that his counsel on remand during the evidentiary hearing was ineffective. We conclude that Defendant's trial counsel was not ineffective, that the district court properly declined to review issues regarding the effectiveness of Defendant's appellate counsel, and that Defendant did not establish a prima facie case of ineffectiveness of counsel regarding his counsel on remand. Accordingly, we affirm.

**{3}** Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of this case, we reserve further discussion of the pertinent facts for our analysis.

**DISCUSSION**

**Standard of Review**

{4}     Defendant's claims present this Court with mixed questions of fact and law. "Questions of law or questions of mixed fact and law, . . . including the assessment of effective assistance of counsel, are reviewed de novo." *Duncan v. Kerby*, 1993-NMSC-011, ¶ 7, 115 N.M. 344, 851 P.2d 466. However, we review the district court's findings on purely factual issues to determine if substantial evidence supports the court's findings. *Id.*

**I.     Trial Counsel**

{5}     "Trial counsel is generally presumed to have provided adequate assistance." *State v. Bernal*, 2006-NMSC-050, ¶ 32, 140 N.M. 644, 146 P.3d 289. In order to establish a successful ineffective assistance of counsel claim, "a defendant must first demonstrate error on the part of counsel, and then show that the error resulted in prejudice." *Id.* Error occurs only if the representation fell below an objective standard of reasonableness and cannot be justified as a trial tactic or strategy. *Id.* As for prejudice, "generalized prejudice is insufficient." *Id.* "Instead, a defendant must demonstrate that counsel's errors were so serious, such a failure of the adversarial process, that such errors undermine judicial confidence in the accuracy and reliability of the outcome." *Id.* (alteration, internal quotation marks, and citation omitted). Thus,

the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (internal quotation marks and citation omitted). Failure to prove either prong of the test defeats a claim of ineffective assistance of counsel. *State v. Martinez*, 2007-NMCA-160, ¶ 19, 143 N.M. 96, 173 P.3d 18.

{6}     Defendant alleges five instances of counsel's error at trial: (1) counsel elicited opinion testimony that B.J.'s adjustment disorder was caused by sexual abuse, (2) counsel failed to hire experts, (3) counsel failed to object to the reiteration of out-of-court accusations by B.J. through his sexual abuse counselor, (4) counsel failed to object to character evidence, and (5) counsel assisted the State in establishing accusations involving A.J. Defendant also contends that these failures resulted in cumulative error. We address each of these alleged errors in turn.

**A.     Adjustment Disorder Testimony**

{7}     Defendant argues that counsel was ineffective for eliciting an opinion that B.J.'s adjustment disorder was caused by sexual abuse. B.J.'s sexual abuse counselor, Ms. Wasmus, testified at trial that she diagnosed him with "adjustment disorder." During counsel's cross-examination of Ms. Wasmus, counsel asked, "In fact, you can't say from the witness stand today that sexual abuse caused the adjustment disorder in [B.J.'s] case, right?" Ms. Wasmus responded, "In my professional opinion[,] it did."

4

Counsel immediately objected to Ms. Wasmus' statement and moved for a mistrial. The district court denied the request but issued a curative instruction for the jury to disregard the statement.

{8}     Counsel testified at the evidentiary hearing that asking the question was part of his trial strategy. Counsel explained that due to a pre-trial ruling stating that the prosecution could not elicit this type of opinion testimony, he expected Ms. Wasmus to answer that she could not say from the witness stand that sexual abuse caused the adjustment disorder. The district court found that counsel had a legitimate strategic reason in asking the question, that no prejudice resulted because psychological testimony was not the crux of the case, and that Ms. Wasmus' testimony was not particularly persuasive.

{9}     Regardless of our agreement or disagreement with the district court's finding on this point, we conclude that Defendant has not shown any prejudice that resulted from the question. The district court promptly administered a curative instruction after the statement and struck the answer from the record. *Cf. State v. Newman*, 1989-NMCA-086, ¶ 19, 109 N.M. 263, 784 P.2d 1006 ("Generally, a prompt admonition from the court to the jury to disregard and not consider inadmissible evidence sufficiently cures any prejudicial effect which might otherwise result."). Following the curative instruction, counsel immediately elicited testimony from Ms. Wasmus

regarding the numerous other factors in B.J.'s life that could cause adjustment disorder. Finally, the district court included an instruction in the jury instructions that "Ms. Wasmus cannot make a determination as to the cause of any diagnosis. Any testimony to the contrary should be disregarded." We presume that the jury followed both the curative instruction and the jury instruction. *See State v. Sellers*, 1994-NMCA-053, ¶ 28, 117 N.M. 644, 875 P.2d 400 ("There is a presumption that the jury follows the instructions that are given."). Furthermore, we conclude that counsel's questioning of Ms. Wasmus to elicit other factors that may have contributed to the adjustment disorder diagnosis provided Defendant an effective cross-examination of this witness. Accordingly, because Defendant was not prejudiced by this question, we conclude that counsel was not ineffective on this point.

**B. Failure to Hire Experts**

{10} Defendant argues that counsel was ineffective in failing to utilize expert testimony in his defense. More specifically, Defendant contends that counsel should have called an expert to rebut Ms. Wasmus' testimony and to discuss child suggestibility in false allegation cases.

{11} Counsel testified at the evidentiary hearing that he discussed with Defendant the hiring of experts and that in order to obtain experts, Defendant would need to find additional funds. Counsel presented Defendant with the option that, in the absence of

6

additional funds, counsel could withdraw from the representation and Defendant could seek representation from the public defender's office, where funds for experts were available, subject to their internal approval process. Counsel testified that Defendant chose to proceed with counsel's representation despite not being able to procure more funds. Defendant, on the other hand, testified at the evidentiary hearing that these conversations did not take place and presented testimony that more funds could have been made available to hire experts. The district court ultimately found counsel's testimony credible and concluded that counsel was not ineffective in failing to hire experts for this reason.

{12}     Defendant argues on appeal that counsel's explanation for failing to hire experts is inadequate given that Defendant produced testimony that more funds were available. We are unpersuaded by Defendant's contention because when reviewing the district court's findings under our substantial evidence standard of review, the question is whether there is sufficient evidence to support the finding reached, not whether contrary evidence supports a different conclusion. *State v. Davis*, 2013-NMSC-028, ¶ 10, 304 P.3d 10, *cert. granted*, 2014-NMCERT-003, 324 P.3d 376. In this case, counsel's testimony provides sufficient evidence that Defendant chose to proceed without expert testimony in order to continue with private counsel, and Defendant's claim of error accordingly fails on this point.

## C. Ms. Wasmus' Repetition of B.J.'s Out-of-Court Accusations

{13} Defendant argues that counsel was ineffective for failing to object to Ms. Wasmus' repetition of B.J.'s accusations during therapy that Defendant sexually abused him. Counsel testified at the evidentiary hearing that he did not object to this testimony because he lost a pre-trial motion to keep Ms. Wasmus' testimony out entirely and to prevent her from testifying as to what the children told her. Counsel also stated in his affidavit that he did not object to this testimony because identity was not at issue in the case. The district court agreed with counsel and concluded, in part, that failing to renew the objection was not error given that the motion in limine had been denied and that because identity was not at issue in the case, counsel's failure to object was a legitimate trial strategy in order to avoid appearing obstructionist and argumentative in front of the jury.

{14} We agree with the district court that counsel's failure to renew the objection did not amount to ineffective assistance of counsel. The "[f]ailure to renew at trial a motion concerning an evidentiary matter which has been denied in limine does not constitute ineffective assistance of counsel." *State v. Martinez*, 1996-NMCA-109, ¶ 27, 122 N.M. 476, 927 P.2d 31. In this case, the district court denied Defendant's motion to exclude Ms. Wasmus' testimony, including statements made by B.J. regarding the abuse. Therefore, it was a legitimate trial strategy to remain silent out

of the belief that renewing the objection would only serve to make counsel appear argumentative in front of the jury, especially where such objection would not likely result in preventing the evidence from being introduced. *See Lytle v. Jordan*, 2001-NMSC-016, ¶ 26, 130 N.M. 198, 22 P.3d 666 (stating that the appellate courts presume that counsel provided adequate assistance and will not find error in counsel's performance where there exists a sound strategy or tactic to explain counsel's conduct).

**D.     Character Evidence**

{15}     Defendant argues that counsel was ineffective for failing to object to testimony by a neighbor of the family who vouched for the honesty of Mother, A.J., and B.J. Counsel stated in his affidavit that he did not object to this testimony because his trial strategy was not to show that Mother and the children were intentionally lying, but that the victims' accusations were the product of Mother and her partner's inadvertent suggestions that created false memories of abuse. The district court concluded that since counsel's strategy was not to attack Mother and the children's veracity, counsel was not ineffective for failing to object to the testimony. The district court further concluded that Defendant was not prejudiced by the testimony.

{16}     We agree with the district court. Declining to object to the testimony fit into counsel's strategy not to characterize Mother and the children as intentionally lying

9

but instead to proffer that the accusations came about by suggestion and influence. Thus, counsel could reasonably believe that an objection could appear aggressive and argumentative to the jury. *See State v. Peters*, 1997-NMCA-084, ¶ 40, 123 N.M. 667, 944 P.2d 896 ("A failure to object . . . does not establish ineffective assistance of counsel. Decisions concerning objections are considered to be in the area of trial tactics and ineffective assistance is not necessarily established by showing unsuccessful trial tactics." (citation omitted)). Furthermore, this Court held in the first appeal that the testimony did not "seriously affect the fairness or integrity of the trial, nor [did] it create grave doubts concerning the validity of the verdict." *Dylan J.*, 2009-NMCA-027, ¶ 32. Accordingly, because failing to object to the testimony was an appropriate trial tactic by counsel and because the testimony was not prejudicial, we conclude that counsel was not ineffective on this point. *See Lytle*, 2001-NMSC-016, ¶¶ 26-27.

**E.     Accusations Involving A.J.**

{17}     Defendant argues that counsel was ineffective because he facilitated the introduction of testimony and evidence regarding Defendant's abuse of A.J. at multiple times during the trial. During B.J.'s testimony, the State did not elicit testimony regarding B.J. witnessing Defendant's abuse of A.J. On cross-examination, however, counsel asked B.J. whether he witnessed Defendant abusing A.J. Defendant

argues that this opened the door for the State to introduce testimony on re-direct that B.J. witnessed a specific instance of abuse that would not otherwise have been introduced at trial. Defendant further argues that counsel was ineffective when he stipulated to the introduction of a recording of A.J.'s pretrial interview. Finally, Defendant argues that counsel failed to object to accusations A.J. made against Defendant about which Mother and her partner testified at trial.

{18}     As to counsel's cross-examination of B.J. and the stipulation regarding the admission of A.J.'s pretrial interview, Defendant has not established that these decisions were anything other than legitimate trial tactics or that he was prejudiced by them. Counsel testified at the evidentiary hearing that he asked B.J. whether he witnessed Defendant abusing A.J. because B.J.'s accusation regarding A.J. seemed largely implausible. Similarly, counsel stipulated to the recording in order to show the implausibility of certain accusations by A.J. and to show that the child could be led into saying things that were untrue. The district court found that this was a legitimate trial strategy because the statements were consistent with the defense's theory that the accusations were the result of adult influence and suggestion.

{19}     Furthermore, even assuming counsel's actions were not part of a legitimate trial strategy, Defendant has not established prejudice. The jury did not convict Defendant of anally abusing A.J., and A.J. himself testified that Defendant orally abused him.

11

Similarly, Defendant was not charged, nor did the jury convict Defendant of any further accusations contained in the recording. Thus, neither B.J.'s testimony regarding Defendant's abuse of A.J. nor counsel's stipulation to the admission of the recorded interview present a sufficient probability that the result of the proceeding would have been different but for the admission of this evidence. *See Martinez*, 2007-NMCA-160, ¶ 19.

{20}    Finally, counsel's failure to object to Mother's repetition of A.J.'s out-of-court allegations of abuse does not constitute ineffective assistance of counsel. [1]Defendant does not present any argument as to how these statements prejudiced him other than to contend that the statements were "rank hearsay." However, these allegations of abuse were supported by A.J.'s testimony and therefore do not undermine this Court's confidence in the outcome. *See Martinez*, 2007-NMCA-160, ¶ 19.

---

[1]Defendant also claims that Mother's partner testified to statements by B.J. However, Defendant merely states that "[Partner] also discussed statements that B.J. made to her outside the courtroom." Defendant does not provide a citation to these alleged statements, and we will not search the record for support for Defendant's contention. *See Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104 ("We will not search the record for facts, arguments, and rulings in order to support generalized arguments.").

## F. Cumulative Error

{21} Defendant argues that the doctrine of cumulative error requires reversal. "The doctrine of cumulative error requires reversal when a series of lesser improprieties throughout a trial are found, in aggregate, to be so prejudicial that the defendant was deprived of the constitutional right to a fair trial." *State v. Duffy*, 1998-NMSC-014, ¶ 29, 126 N.M. 132, 967 P.2d 807, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, 275 P.3d 110. However, having concluded that Defendant did not receive ineffective assistance of counsel on any of the above alleged issues, cumulative error is not applicable in this case.

## II. Appellate Counsel

{22} Defendant argues, pursuant to *State v. Franklin*, 1967-NMSC-151, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, 103 N.M. 655, 712 P.2d 1, that his appellate counsel in the first appeal was ineffective for not raising two issues: (1) that trial counsel failed to move to dismiss two indistinguishable counts of CSP involving B.J., and (2) that the district court erred when it closed the courtroom to members of the public. On remand, the district court concluded that it was without jurisdiction to hear Defendant's arguments regarding his appellate counsel. We agree with the district court. On remand, the district court's jurisdiction was limited by the opinion and mandate of this Court. *See Normand ex rel. Normand v. Ray*, 1990-

NMSC-006, ¶ 20, 109 N.M. 403, 785 P.2d 743. In the initial appeal, we remanded for the district court to hold an evidentiary hearing regarding the representation Defendant received from his trial counsel. *Dylan J.*, 2009-NMCA-027, ¶ 45. Therefore, the district court properly declined to consider whether his appellate counsel was also ineffective.

### III.    Remand Counsel

{23}    Defendant argues that his counsel on remand was ineffective because he failed to present expert testimony. Defendant argues that remand counsel should have hired experts for the evidentiary hearing because the issue of trial counsel's failure to hire experts was of critical importance. Defendant states that remand counsel's "failure to do so prejudiced [Defendant's] opportunity to show this Court how critical expert testimony was to his defense at trial." We are not persuaded that Defendant's perfunctory argument and the facts currently before us in the record are sufficient to establish a prima facie claim of ineffective assistance of counsel. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("When an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant

14

makes a prima facie case of ineffective assistance."). Accordingly, Defendant's claim would be more properly pursued in a habeas corpus proceeding.

**CONCLUSION**

{24}     For the foregoing reasons, we affirm the district court.

{25}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**JONATHAN B.  SUTIN, Judge**


_____
**CYNTHIA A. FRY, Judge**