This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-40344**

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

       Petitioner-Appellee,

v.

**NELLIE M.,**

       Respondent-Appellant,

and

**CHRISTOPHER M.,**

       Respondent,

**IN THE MATTER OF BRUCE W.,**

       Child.

**APPEAL FROM THE DISTRICT COURT OF GRANT COUNTY
Thomas F. Stewart, District Court Judge**

Children, Youth & Families Department
Mary McQueeney, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Law Offices of Nancy L. Simmons, P.C.
Nancy L. Simmons
Albuquerque, NM

for Appellant

Rio Law Firm
Francis J. Rio, III
Clovis, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**ATTREP, Chief Judge.**

**{1}** Nellie M. (Mother) appeals from the district court's adjudication of child neglect. The district court adjudicated Mother and Christopher M.'s (Father[1]) son (Child) neglected, pursuant to NMSA 1978, Section 32A-4-2(G)(2) (2018), based on Mother and Father's failure to safeguard Child against ingesting marijuana, amphetamine, and methamphetamine.[2] On appeal, Mother argues (1) expert evidence received at the adjudicatory hearing violated her constitutional rights, (2) there was insufficient evidence to support a determination that Child was neglected due to marijuana exposure, and (3) the district court's finding that Mother exposed Child to amphetamine and methamphetamine after the initiation of the abuse and neglect proceedings was erroneous on numerous grounds. We affirm.

**DISCUSSION**

**I.      Expert Testimony**

**{2}** Mother argues that the admission of certain expert evidence at the adjudicatory hearing violated her constitutional rights. Specifically, Mother challenges evidence admitted through Dr. David Englehart, Children, Youth and Families Department's (CYFD) expert in toxicology. Englehart testified that hair follicle samples from both Child and Father tested positive for amphetamine, methamphetamine, and THC (the active ingredient in marijuana) metabolites. The reports conveying these results were admitted into evidence during Englehart's testimony. Englehart is the director of the laboratory where the hair follicle tests were conducted, but he did not personally conduct the hair follicle tests.

**{3}** Mother challenges the admission of the drug test results and testimony about the same. To the extent Mother argues that the admission of this evidence through Englehart violated *Bullcoming v. New Mexico*, 564 U.S. 647 (2011), we are not persuaded. *See id.* at 652 (holding that the admission of a forensic laboratory report containing a testimonial certification through the in-court testimony of a scientist, who did not sign the certification or perform or observe the testing, violated the defendant's

_____

1We address Father's appeal from the adjudication of neglect in a separate opinion.
2Mother appears to refer to amphetamine and methamphetamine interchangeably in her briefing. For ease, we refer to them collectively as "amphetamine and methamphetamine" throughout this opinion.

Sixth Amendment right to confrontation). Because the Sixth Amendment does not apply to Mother's adjudicatory proceeding, *Bullcoming* is inapplicable to this case. *See State ex rel. Child., Youth & Fams. Dep't v. Pamela R.D.G.*, 2006-NMSC-019, ¶ 12, 139 N.M. 459, 134 P.3d 746 ("Because neglect and abuse proceedings are civil proceedings, the Confrontation Clause of the Sixth Amendment of the U.S. Constitution . . . is not at issue here." (citation omitted)).

**{4}** To the extent Mother argues that the admission of the drug test results and testimony about the same violated her due process right to confrontation, Mother fails to persuade us of error. "To determine whether [a parent's] right to confront and cross-examine a witness comported with the reasonableness requirement of due process, we employ the balancing test articulated in *Mathews v. Eldridge*, 424 U.S. 319 . . . (1976)." *Pamela R.D.G.*, 2006-NMSC-019, ¶ 13; *see id.* (providing that "whether [the p]arents were given due process turns on whether the procedures used for the admission of [the] hearsay statements increased the risk of an erroneous finding of abuse which could lead to the deprivation of [the p]arents' fundamental right to maintain their relationship with [the c]hild, and whether additional procedural safeguards would eliminate or lower that risk"). Although Mother acknowledges the *Mathews*' balancing test, she never explains how the admission of this evidence increased the risk of an erroneous deprivation of her fundamental rights. *See Pamela R.D.G.*, 2006-NMSC-019, ¶¶ 17, 20 (providing that the parents failed to persuade the Court that the admission of hearsay statements increased the risk of an erroneous deprivation of their relationship with their child where the parents were allowed to cross-examine the hearsay witnesses and could challenge the reliability of the hearsay statements). Nor does Mother otherwise explain how she was prejudiced.[3] *See id.* ¶ 14 (providing that to establish a due process violation, the parent must "demonstrate that there is a reasonable likelihood that the outcome might have been different" (internal quotation marks and citation omitted)); *cf. State v. Neal*, 2007-NMCA-086, ¶ 42, 142 N.M. 487, 167 P.3d 935 ("[I]n order to establish a violation of due process, a defendant must show prejudice."). In light of these shortcomings, Mother has failed to establish her right to due process was violated.

## II. Child's Exposure to Marijuana

**{5}** Next, we address Mother's argument that CYFD failed to prove Child was neglected, pursuant to Section 32A-4-2(G)(2), due to exposure to marijuana. *See id.* (defining a "neglected child," in relevant part, as a child "who is without proper parental care and control . . . necessary for the child's well-being because of the faults or habits of the child's parent . . . or the failure or refusal of the parent . . . , when able to do so, to provide [such care and control]"). We review this claim under the substantial evidence standard, determining "whether the district court's decision is supported by substantial evidence of a clear and convincing nature." *State ex rel. Child., Youth & Fams. Dep't v.*

---

[3]Mother appears to argue that Englehart's lack of personal knowledge about chain of custody may have prejudiced her. Englehart, however, testified about the chain of custody process at the laboratory; and Mother has not indicated what chain-of-custody questions she may have asked that "would have enhanced the fact-finding process in this case." *See id.* ¶ 15.

*Alfonso M.-E.*, 2016-NMCA-021, ¶ 26, 366 P.3d 282 (internal quotation marks and citation omitted). To the extent our review involves questions of law, it is de novo. *State ex rel. Child., Youth & Fams. Dep't v. Michelle B.*, 2001-NMCA-071, ¶ 12, 130 N.M. 781, 32 P.3d 790.

**{6}** With regard to Child's exposure to marijuana as a basis for neglect, the district court found the following: Child was taken into CYFD custody on February 8, 2021; at this time, "only [Mother, Father,] and . . . Child lived in the house where . . . Child resided," Child was toddler-aged, and "Child had been walking and climbing for awhile"; "[o]fficers discovered marijuana roaches . . . within reach of . . . Child[, which] were found in a bedroom of the house"; Father "testified that . . . Child had climbed up to where the ashtray containing the marijuana roaches were and that . . . Child had dumped out the roaches on the floor"; "[h]air follicle testing showed that . . . Child had [tested] positive . . . for . . . THC metabolites for the sample collected on February 11, 2021"; "[t]he hair follicle testing meant . . . that . . . Child had ingested drugs and that the positive hair follicle tests were not the result of some kind of incidental environmental exposure"; "[a]bsent a valid medical prescription, no child is legally allowed to ingest marijuana or its active ingredients"; and "Child's parents are both responsible for safeguarding . . . Child from ingesting . . . marijuana and products derived from marijuana and they failed to do so in this case."

**{7}** Of the foregoing findings, Mother purports to challenge only the finding that hair follicle testing from Child was positive for THC metabolites.[4] Contrary to our rules, however, Mother does not provide any citation to the record demonstrating the district court's finding was not supported by substantial evidence, nor does she provide an argument for why the district court's finding was not so supported. *See Maloof v. San Juan Cnty. Valuation Protests Bd.*, 1992-NMCA-127, ¶ 18, 114 N.M. 755, 845 P.2d 849 (providing that Rule 12-318(A)(3) NMRA, formerly compiled as Rule 12-213(A)(3) NMRA (2016), "imposes a duty upon an appellant, who seeks to challenge findings adopted below, to marshal all of the evidence in support of the findings and then demonstrate that even if the evidence is viewed in a light most favorable to the decision reached below, together with all reasonable inferences attendant thereto, the evidence is insufficient to support the findings"). Our review of the record reveals that substantial evidence supports the finding that Child's hair follicle sample tested positive for THC metabolites. This finding, along with the other findings Mother has left unchallenged, establishes that Child had access to marijuana at his home while in his parents' care and further supports a reasonable inference that Child ingested marijuana while in their care. *See Seipert v. Johnson*, 2003-NMCA-119, ¶ 26, 134 N.M. 394, 77 P.3d 298 ("An unchallenged finding of the trial court is binding on appeal."); *Maloof*, 1992-NMCA-127, ¶ 18.

---

[4]Mother additionally contends that there was insufficient evidence that "Child's alleged exposure to marijuana was the fault of Mother." This is the full extent of Mother's argument on this point. Given its lack of development, we decline to consider it. *See Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 (providing that an appellate court will not rule on inadequately briefed issues that would require the Court to "develop the arguments itself, effectively performing the parties' work for them").

**{8}**     Mother, nevertheless, contends the foregoing findings are insufficient to sustain an adjudication of neglect because, according to her, CYFD was required to "present medical evidence that exposure to marijuana harmed Child." But, as CYFD points out, evidence of a child's access to marijuana previously has been deemed sufficient to uphold a finding of child endangerment in the criminal context. *See State v. Graham*, 2005-NMSC-004, ¶¶ 10-14, 137 N.M. 197, 109 P.3d 285. In *Graham*, evidence was presented that the children in the defendant's household could have accessed marijuana found on the floor in the living room and that "a whole marijuana bud was found in a crib." *Id.* ¶ 10. Our Supreme Court concluded that "[g]iven the illegality of the substance and the Legislature's determination that the substance is particularly dangerous to minors, we believe it was within the jurors' experience to decide whether the amount of accessible marijuana endangered the health of a three-year-old child and a one-year-old child." *Id.* ¶ 12. From this, our Supreme Court concluded that "a rational jury could draw reasonable inferences that the marijuana was accessible to the children, that there was a reasonable possibility that the children would come in contact with the marijuana, and that there was a reasonable possibility of danger to the very young children from ingesting the marijuana." *Id.* ¶ 14.[5]

**{9}**     Mother seems to concede that exposure to marijuana, as described in *Graham*, is sufficient to support an adjudication of neglect under Section 32A-4-2(G)(2). Mother, however, argues that the circumstances in *Graham* are distinguishable from this case. We fail to see a meaningful distinction between the facts in *Graham*—in which law enforcement found a marijuana roach on the floor and a marijuana bud in a crib in a house where children ages one and three resided, 2005-NMSC-004, ¶ 2—and the facts in this case—in which law enforcement found marijuana roaches within reach of Child, a toddler at the time, and Father testified Child had dumped out marijuana roaches from an ashtray in the home. We, therefore, reject Mother's attempt to distinguish *Graham*. Mother otherwise fails to cite any authority for her contention that Child's exposure to marijuana is insufficient to sustain an adjudication of neglect. *See State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200 ("We will not consider an issue if no authority is cited in support of the issue, because absent cited authority to support an argument, we assume no such authority exists.").

**{10}**     For these reasons, we affirm the district court's adjudication of neglect under Section 32A-4-2(G)(2) due to Child's exposure to marijuana.

---

5We recognize that, since *Graham* was decided, personal use of marijuana has been legalized in New Mexico for adults twenty-one years of age or older. *See* NMSA 1978, § 26-2C-25 (2021). Mother, however, makes no contention that this affects *Graham*'s holding. *See State ex rel. Hum. Servs. Dep't v. Staples*, 1982-NMSC-099, ¶¶ 3, 5, 98 N.M. 540, 650 P.2d 824 (providing that appellate courts should not reach issues that the parties have not briefed). We observe that criminalization of marijuana still exists for persons under age twenty-one, *see* § 26-2C-25(A), and the Legislature has otherwise expressed concern for the health effects of marijuana on children, *see, e.g.*, NMSA 1978, § 26-2C-29 (2021) (prohibiting, generally, the distribution of a cannabis product on school or daycare center premises); NMSA 1978, § 26-2C-4(C) (2021) (requiring the publication of "an annual report on the health effects of legalizing cannabis products for adult use," including the effect of legalization on "child access" to cannabis products).

### III.    Arguments Pertaining to Amphetamine and Methamphetamine

**{11}**    Finally, Mother contends that the district court erroneously found Child was exposed to amphetamine and methamphetamine after the initiation of the abuse and neglect proceedings. Mother raises several errors related to this finding, including that the district court improperly relied on judicially-noticed matters in the court file, that her right to due process was violated because the basis of the petition was modified without an amendment to the petition, and that there was insufficient evidence regarding the timing of Child's exposure to amphetamine and methamphetamine. Even assuming, arguendo, that the finding relating to amphetamine and methamphetamine exposure were erroneous on one or more of these grounds, this would not warrant reversal of the adjudication of neglect. *See Normand ex rel. Normand v. Ray*, 1990-NMSC-006, ¶ 35, 109 N.M. 403, 785 P.2d 743 ("Even where specific findings adopted by the trial court are shown to be erroneous, if they are unnecessary to support the judgment of the court and other valid material findings uphold the trial court's decision, the trial court's decision will not be overturned."); *cf. State ex rel. Child., Youth & Fams. Dep't v. Shawna C.*, 2005-NMCA-066, ¶ 16, 137 N.M. 687, 114 P.3d 367 (providing that, where the judgment of neglect is affirmed, the appellate court need not decide whether alternative grounds for neglect or abuse were proven). The adjudication of neglect under Section 32A-4-2(G)(2), CYFD argues, can stand based solely on "the evidence of marijuana in the home that was accessible to [C]hild." Mother does not address this contention in her reply brief, which we may treat as a concession on the matter. *See Delta Automatic Sys., Inc. v. Bingham*, 1999-NMCA-029, ¶ 31, 126 N.M. 717, 974 P.2d 1174. We, therefore, give no further consideration to Mother's arguments pertaining to Child's exposure to amphetamine and methamphetamine.

**CONCLUSION**

**{12}**    For the foregoing reasons, we affirm.

**{13}    IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**GERALD E. BACA, Judge**